IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RUSTY E. JOYNER                                                                                    PLAINTIFF

v.                                   CIVIL NO. 4:16-cv-04094

NURSE KINDALL SMITH; and
DR. LOMAX                                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Rusty E. Joyner filed this civil rights case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before me is Defendants' Motion for Summary Judgment. ECF No. 15. After careful consideration, I make the following Report and Recommendation.

## BACKGROUND

Plaintiff is currently incarcerated in the Southwest Arkansas Community Correction Center in Texarkana, Arkansas ("ACC"). Plaintiff filed his Complaint on October 7, 2016, alleging Defendants were deliberately indifferent to Plaintiff's serious medical needs by improperly evaluating and treating him for tuberculosis. ECF No. 1. Plaintiff named Nurse Kindall Smith and Dr. Lomax as Defendants in this matter. ECF No. 1.

On January 30, 2017, Defendants filed a Motion for Summary Judgment arguing Plaintiff's claims should be dismissed for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). ECF No. 15. To assist Plaintiff in responding to Defendants' motion, I sent a questionnaire asking him to agree or disagree with various statements set forth by

1

Defendants as undisputed facts. ECF No. 18. Plaintiff filed his Response to the motion on February 21, 2017. ECF No. 19.

Plaintiff alleges he "made several attempts to solve informally all the way to Warden Arnold. I also filed several grievances/complaints that went missing and was never resolved." ECF No. 19. Plaintiff also claims "at that time there was serious issues of who was grievance officer (apparently there was several transitions) I was receiving adverse reactions due to my protected conduct." ECF No. 19. Plaintiff filed two formal medical grievances – SWC 16-00044 and SWC 16-00045 - and appealed the decision for each in accordance with the ACC's grievance procedure. Plaintiff admits he filed the current lawsuit prior to receiving a decision regarding his appeals for each grievance. ECF No. 19.

Defendants argue this case must be dismissed because Plaintiff failed to properly exhaust his available administrative remedies prior to filing his lawsuit. ECF No. 15. Specifically, Defendants assert because Plaintiff filed his lawsuit prior to receiving the appeal decisions from the Deputy Director for Residential Services relating to grievances SWC 16-00044 and SWC 16-00045 he did not exhaust his administrative remedies. ECF No. 16.

## LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the

nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007).

## DISCUSSION

The PLRA in 42 U.S.C. § 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id*. at 218 (internal quotation marks and citation omitted). The Court stated the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to clam, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction." *Lenz v. Wade*, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).

The Eighth Circuit Court of Appeals has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 347 F.3d 736 (8th Cir. 2001) (explaining a prisoner is only required to exhaust those administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)). In this case, Plaintiff has not proffered any summary judgment proof to support application of either of the exceptions to the exhaustion requirement.

Under the ACC's grievance procedure provided to the Court by Defendants, residents must first attempt to solve the issue informally through an appropriate person such as a counselor, the Residential Supervisor assigned to their wing or the Shift Supervisor on duty. If the issue cannot be resolved informally, the resident may submit a formal written grievance within five days of the occurrence to the Grievance Officer or the Center Supervisor's Designee. ECF No. 16-1. If a resident files a grievance of a medical nature, that grievance is forwarded to the appropriate Correct Care Solution, LLC ("CCS") medical personnel, acting as the Center Supervisor's designee for medical issues, for response. ECF No. 16-1.

In the event the resident is not satisfied with the response of CCS medical personnel, the resident may then appeal to the office of the Deputy Director for Residential Services within five working days after receipt of the medical response to the formal written grievance. ECF No. 16-1. Upon receiving an appeal, the Deputy Director reviews the grievance along with any records necessary to respond. The Deputy Director's response is then provided to the resident. The Deputy Director's response is final and is the last step in the ACC grievance process. ECF No. 16-1.

Here Plaintiff filed the current lawsuit on October 7, 2016. ECF No. 1. As to grievance number SWC 16-00044, Plaintiff received an appeal decision from the Deputy Director for Residential Services on November 8, 2016, after he filed his Complaint. ECF No. 16-2. With respect to grievance number SWC 16-00045, Plaintiff received an appeal decision from the Deputy Director for Residential Services on January 10, 2017, also after he filed his Complaint. ECF No. 16-1. Plaintiff did not complete the resident grievance process as required and consequently, his lawsuit should be dismissed without prejudice. However, because the grievance appeals are now final, Plaintiff may refile his lawsuit if he chooses to do so.

## CONCLUSION

For the reasons stated, I recommend Defendants' Motion for Summary Judgment (ECF No. 15) be **GRANTED** and the case be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 9th day of March 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE